IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORTHWEST INVESTMENT
HOLDINGS, LLC, an Oregon Limited
Liability Company,

No. 3:24-cv-00390-HZ

OPINION & ORDER

        Plaintiff,

v.

CIVIC REAL ESTATE HOLDINGS III,
LLC; FAY SERVICING, LLC; and
QUALITY LOAN SERVICE CORP.,

        Defendants.

John A. Cochran
The Cochran Law Firm LLC
1033 SW Yamhill St, Ste 201
Portland, OR 97205

        Attorney for Plaintiff

John M. Thomas
McCarthy & Holthus
920 SW Third Ave, First Floor
Portland, OR 97204

        Attorney for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Northwest Investment Holdings brings suit against Defendants Civic Real Estate Holdings ("Civic"), Fay Servicing ("Fay"), and Quality Loan Service ("Quality") based on the foreclosure of real property. Compl., ECF 1. Defendants move to dismiss the claims. Def. Mot. to Dismiss, ECF 7. For the following reasons, the Court grants the Motion.

## BACKGROUND

Plaintiff owned real property located at 15221 E Burnside in Portland, Oregon. Compl. ¶ 1. On June 21, 2021, Plaintiff obtained a loan from Civic Financial Services, LLC, in the amount of $276,211, and executed a promissory note. *Id.*; Def. Req. Judicial Notice Ex. 1, ECF 8.[1] Plaintiff executed a deed of trust for the real property located at 15221 E Burnside. Compl. ¶ 1; Def. Req. Ex. 2.[2] The Deed of Trust reflected a loan maturity date of July 2, 2022. Def. Req. Ex. 2 at 1.

According to Plaintiff, Defendant Civic is "acting as beneficiary." Compl. ¶ 17. The Complaint states that Plaintiff is unclear as to the role of Defendant Civic, which Plaintiff states has a "confusingly similar name" to Civic Financial Services, LLC. *Id.*

Plaintiff alleges that its monthly payments on the loan increased and never decreased, and Plaintiff asked about this "and never got an adequate response." Compl. ¶ 2. Plaintiff alleges that it called a representative in July and August 2023 asking about the proper noteholder, and sent a letter in November 2023. *Id.* ¶ 3. The representative could not explain the amount due. *Id.*

---

[1] The Court incorporates by reference the promissory note submitted by Defendants because the Complaint relies on it, it is central to Plaintiff's claims, and Plaintiff does not dispute the authenticity of the copy submitted by Defendants. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).
[2] The Court incorporates the deed of trust by reference for the same reasons as stated in footnote 1.

Plaintiff also alleges that Defendants could not or would not show that one of them had a right to enforce the Note. *Id.* ¶ 2. Plaintiff alleges that Defendant Fay is not a valid holder of the Note. *Id.* ¶ 72.

The lender repeatedly called to demand payment on the loan. *Id.* ¶ 6. Plaintiff sent a demand for an accounting. *Id.* ¶ 5. Plaintiff states that it "does not see payments applied in the accounting." *Id.* ¶ 7. Defendants have not responded to any of Plaintiff's demand letters. *Id.* Plaintiff alleges that he "felt shocked and deceived that after he paid all that money to lender, lender offered him absolutely nothing and refused to give Plaintiff an accounting or any type of verification of the monthly payment or the full amount due and owing." *Id.* ¶ 18.[3] On February 12, 2024, Plaintiff received a notice from Defendant Fay stating that $328,769.02 was due. Compl. ¶ 1, Ex. 2. Plaintiff asserts that this amount appears to be incorrect. Compl. ¶ 1.

Defendant Fay sent a notice to Plaintiff that Defendants Fay and Civic were proceeding with collection and a foreclosure action. *Id.* ¶ 41. *See also* Compl. Ex. 1 (Trustee's Notice of Sale Commercial Loan). Plaintiff alleges that Defendants "push[ed] through an expedited foreclosure process." Compl. ¶ 25; *see also* Def. Req. Ex. 5 (Notice of Default and Election to Sell).[4] The sale was set for March 6, 2024. Compl. Ex. 1 at 1.

Plaintiff brings five claims for relief: two under the Fair Debt Collection Practices Act ("FDCPA"), one claim for fraud, one for conversion, and one for breach of the duty of good faith

---

[3] Plaintiff is a business entity and not a natural person. The Complaint uses the pronoun "he" throughout, suggesting that it is not consistently distinguishing between Plaintiff as an LLC and members of Plaintiff who are individuals. The Court uses both "it" and "he" in this Opinion and Order to reflect Plaintiff's pleadings. In doing so, the Court does not mean to suggest that any natural persons are or should be plaintiffs in this case.

[4] The Court incorporates the notice of default by reference for the same reasons as stated in footnote 1.

and fair dealing. Compl. ¶¶ 19-98. Defendants move to dismiss all claims for failure to state a

claim. Plaintiff did not timely respond to the motion.

**STANDARDS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency

of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the

sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in

the complaint as true and construe them in the light most favorable to the non-moving party.

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under

Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief"

with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations

must be enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote

omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-

pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.*

at 679.

//

//

**DISCUSSION**

The Court first considers Defendants' request that the Court take judicial notice of certain documents and concludes that it may do so. The Court then evaluates Plaintiff's claims for relief and concludes that all of them fail to state a claim and that Plaintiff should be granted leave to amend two of them.

**I.      Request for Judicial Notice**

Defendants ask the Court to take judicial notice of seven exhibits: (1) the promissory note; (2) the line of credit trust deed; (3) an assignment of the deed of trust; (4) an appointment of successor trustee; (5) a notice of default and election to sell; (6) an affidavit of foreclosure notice; and (6) a trustee's deed upon sale. Def. Mot. 2; Def. Req. All documents other than the Note were recorded.

Although a court generally may not consider documents outside the pleadings in evaluating a motion to dismiss under Rule 12(b)(6), exceptions exist for documents that are incorporated into the complaint by reference and documents that are judicially noticeable. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court may take judicial notice of matters of public record. *Lee*, 250 F.3d at 689. Other district courts have held that recorded documents are proper subjects for judicial notice. *Sato v. U.S. Bank Tr. N.A.*, No. CV1308469MMMMRWX, 2014 WL 12589339, at *2 (C.D. Cal. Mar. 20, 2014) (collecting cases).

As reflected above, the Court concludes that three of the documents—the Note, the Deed of Trust, and the notice of default—were incorporated into the Complaint by reference. The

Court also concludes that it may take judicial notice of the recorded documents Defendant submitted. To the extent Plaintiff challenges the contents of these records (such as the amount due), the Court does not take judicial notice that the amount due was correct, only that it was represented as the amount stated in the records.

The documents submitted by Defendants show that on June 21, 2021, Plaintiff took out a loan of $276,211 from Civic Financial Services, LLC, and executed a promissory note for that amount plus interest. Def. Req. Ex. 1. Civic Financial Services recorded a line of credit trust deed on June 23, 2021. *Id.* Ex. 2. On February 16, 2022, Civic Financial Services assigned the Deed of Trust to Defendant Civic Real Estate Holdings. *Id.* Ex. 3. On June 20, 2023, Defendant Fay, acting as attorney in-fact for Defendant Civic, executed an assignment of successor trustee, appointing Defendant Quality as successor trustee effective immediately. *Id.* Ex. 4. A notice of default and election to sell was executed on October 18, 2023, listing $332,256.16 as the amount required to pay off the loan. *Id.* Ex. 5. An affidavit of mailing the notice of sale was executed on January 4, 2024. *Id.* Ex. 6. The property was sold on March 6, 2024, and a trustee's deed upon sale was executed on March 13, 2024. *Id.* Ex. 7.

The Court now turns to an assessment of whether Plaintiff has stated a claim for relief.

## II.    Failure to State a Claim

### A.    FDCPA Claims

Plaintiff brings its first and third claims for relief under the FDCPA. Compl. ¶¶ 19-22, 27-81. Defendants argue that these claims must be dismissed "because the loan is not consumer debt subject to the FDCPA." Def. Mot. 4. Defendants are correct.

The FDCPA was enacted to protect consumers from abusive debt collection practices. *See* 15 U.S.C. § 1692(e). Under the statute, "[t]he term 'consumer' means any natural person

obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3). "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 1692a(5). Consistent with these definitions, the Ninth Circuit has held that "the Act applies to consumer debts and not business loans." *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992). To determine whether a loan is a personal loan or a business loan, courts should look at the purpose for which the loan was incurred. *Id.* at 1068-69 (holding that loan used to invest as venture capital was a business loan). *See also Glawe v. Carpenter, Hazlewood, Delgado & Bolen PLC*, 859 F. App'x 102, 103 (9th Cir. 2021) (applying *Bloom*).

The loan here was a business loan. The Promissory Note provides that the borrower will use the proceeds of the loan "solely for the purpose of acquiring or refinancing real property for investment purposes," and that the borrower "warrants and represents to the lender that all loan proceeds will be solely used to acquire or refinance real property for investment purposes, and that no loan proceeds will in any event be used for a consumer, family or household purpose." Def. Req. Ex. 1 at 14-15. The Deed of Trust contains similar language with respect to the use of the property. Ex. 2 at 26-27. The written agreement between the parties reflects a mutual intent that the loan would be used for business purposes and not for consumer, family, or household purposes. In addition, Plaintiff is a business, not a natural person, and thus is not a "consumer" under the FDCPA. The FDCPA does not apply here, so Plaintiff's first and third claims for relief must be dismissed.

//

//

B.      Fraud Claim

Plaintiff's second claim is for fraud. Compl. ¶¶ 23-26. Under Oregon law, fraud has the following elements: "[1] the defendant made a material misrepresentation that was false; [2] the defendant did so knowing that the representation was false; [3] the defendant intended the plaintiff to rely on the misrepresentation; [4] the plaintiff justifiably relied on the misrepresentation; and [5] the plaintiff was damaged as a result of that reliance." *Strawn v. Farmers Ins. Co. of Oregon*, 350 Or. 336, 352, 258 P.3d 1199, *adhered to on reconsideration*, 350 Or. 521, 256 P.3d 100 (2011). The Federal Rules of Civil Procedure require the circumstances constituting fraud to be pleaded with particularity. Fed. R. Civ. P. 9(b).

Plaintiff alleges that it asked for "an updated accounting" and "fair loan terms in exchange for the payments under debt instrument." Compl. ¶ 24. He alleges that he "had a reasonable expectation that Defendants would provide him with proper authority, proper accounting, assessments, and representations and have fulfill [sic] the commitment to discuss loan and monthly payment" but instead they ignored his requests and initiated the foreclosure process. *Id.* ¶ 25. Plaintiff alleges that "[t]he lender/lender/servicer agent made statements to coerce Mr. Bernard into paying down his loan, he thought and then only to discover they wanted more money and would not help him in any real manner." *Id.*

Defendants argue that these allegations fail to state a claim because they are vague and because they do not allege all elements of a fraud claim. Def. Mot. 4-5. The Court agrees. Plaintiff has failed to plead with particularity. The Complaint does not explain who made the allegedly coercive statements, when they were made, or what the statements actually were. Nor does the Complaint explain who "Mr. Bernard" is or what his relationship to Plaintiff was at the relevant times. To the extent Plaintiff bases its claim on a failure to respond to requests for

information, it has not alleged facts plausibly suggesting that the failure to respond to inquiries constituted a misrepresentation. Finally, Plaintiff has failed to allege that it relied on any statements by Defendants. The Complaint suggests the opposite—that Plaintiff did not rely on Defendants' representations that they had rights under the Note and did not rely on their assertions of how much was due on the loan. Plaintiff alleges that it had reasonable expectations of the customer service it would receive and that those expectations were not met, but that is not fraud. The fraud claim must be dismissed.

    C.     Conversion Claim

Plaintiff's fourth claim is for conversion. Compl. ¶¶ 82-94. "Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Francis v. Farnham*, 58 Or. App. 469, 471, 648 P.2d 1349 (1982).

Most of Plaintiff's allegations on the conversion claim consist of legal conclusions or other nonfactual matter. Plaintiff alleges that "Fay Servicing and CIVIC converted the personal property rights (Singh's chattel) of Plaintiff in his Note for its own use." Compl. ¶ 87. Plaintiff also alleges that Defendants "withheld information and documents relevant to the mortgage loan, Note, and Deed of Trust, and its alleged legal status" and that this constitutes "exercise of dominion and control over Plaintiff's personal property rights in his Note." *Id.* ¶¶ 90-91.

Defendants state that they "cannot follow what Plaintiff is attempting to allege in its conversion claim" and that withholding information fails to state a claim. Def. Mot. 5. The Court concludes that Plaintiff has failed to state a claim for conversion. It is unclear whether Plaintiff is alleging that the withholding of information or the foreclosure on its property is the basis of the claim. The claim is also unclear because the Complaint does not explain who "Mr. Singh" is or

what his relationship to Plaintiff is. These deficiencies aside, the Court has found no Oregon cases holding that a claim for conversion can be maintained based on interference with real property rights. Conversion covers interference with chattels. Plaintiff appears to be alleging that interest in real property is a chattel. The standard definition of a chattel in the law is "[m]ovable or transferable property; personal property; esp., a physical object capable of manual delivery and not the subject matter of real property." Black's Law Dictionary (11th ed. 2019). The Court found no Oregon cases holding or suggesting that interest in real property is included in the definition of a chattel in Oregon. The Court concludes that the Oregon Supreme Court would hold that the tort of conversion does not cover interference with real property rights. The conversion claim must be dismissed.

> D.    Covenant of Good Faith and Fair Dealing Claim

Plaintiff's fifth claim is for breach of the obligation of good faith under the Uniform Commercial Code ("UCC"). Compl. ¶¶ 95-98. "Every contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement." O.R.S. 71.3040. It is unclear to the Court whether the UCC applies here, but because Defendants have not raised the issue, the Court will not address it. Regardless, under Oregon law, "every contract contains an implied duty of good faith." *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 320 Or. 638, 645, 891 P.2d 639 (1995). "This covenant requires that neither party act to frustrate the object of the contract or destroy or injure the right of the other party to receive the fruits of the contract." *Davis Wire Corp. v. Teamsters Loc. Union No. 117*, 152 F. Supp. 3d 1326, 1330 (W.D. Wash. 2015) (citing *Local 3-7, Int'l Woodworkers of Am. v. DAW Forest Prods. Co.*, 833 F.2d 789, 795 (9th Cir. 1987)) (cleaned up). The duty of good faith and fair dealing "is to be applied in a manner that will effectuate the reasonable contractual expectations of the

parties." *Uptown Heights*, 320 Or. at 645 (internal quotations omitted). Courts examine only the objectively reasonable expectations of the parties to determine whether the obligation of good faith has been met. *Id.* "If a written contract between the parties expressly allows for a particular remedy by one of the parties, in the face of a specified breach, the parties' objectively 'reasonable expectations' under the contract include the invocation of that remedy in the face of that breach." *Id.*

Plaintiff alleges that Defendant Quality breached the obligation of good faith by demanding payment without proper accounting or the legal authority to make such demands. Compl. ¶ 97(a). Plaintiff also alleges that Defendant Quality "concealed material information needed by Plaintiff related to an alleged default." *Id.* ¶ 97(b). Plaintiff also alleges that Defendant Quality failed to provide records showing that Defendant Fay was the valid holder of the Note. *Id.* ¶ 97(c). Plaintiff alleges that Defendants Fay and Civic "fail[ed] to act in a legal and reasonable manner, to which Plaintiff could keep his Property out of default situation or foreclosure of said Property, with the assurances he sought." *Id.* ¶ 98. Plaintiff states that "[i]nstead, he paid large sums for default with continued misrepresentations as to what he owed and how much he needed to pay to keep it out of default. Additionally, statements were made to him that were insulting, degrading and age discriminating in nature." *Id.*

Defendants argue that Plaintiff fails to state a claim because the loan was not repaid and the contract between the parties expressly permitted foreclosure proceedings if the loan was not repaid. Def. Mot. 5-6 (citing *Uptown Heights*, 320 Or. at 645). Defendants also assert that Plaintiff's interest in the property has been terminated by the trustee's sale. *Id.* at 6 (citing O.R.S. 86.797(1)).

The Court declines to hold at this time that Plaintiff cannot state a claim for breach of the duty of good faith because the terms of the contract permitted a foreclosure sale if the loan was not repaid or because Plaintiff's interest in the property has been terminated. Plaintiff disputes the accuracy of the loan balance represented to it and alleges that it was not given information needed to respond to the foreclosure proceedings. Under those circumstances, Plaintiff might be able to state a claim for breach of the duty of good faith. But Plaintiff has not plausibly alleged that any misrepresentations about the loan balance or the failure to respond to its requests for information actually impeded its ability to pay off the loan and avoid foreclosure. Plaintiff does not allege that it paid the amount it should have been charged on the loan such that the remedy of foreclosure was improper. Rather, Plaintiff alleges that it made payments and that it "felt shocked and deceived" after it "paid a large sum of money" and was told it still owed payments. *See* Compl. ¶¶ 18, 28. Plaintiff need not detail the amount of each monthly payment made, but it is unclear in the Complaint whether Plaintiff is alleging that it paid enough to avoid foreclosure (taking as true Plaintiff's allegation that Defendants overstated the amount due). If Plaintiff did not pay enough to avoid foreclosure, Plaintiff has not explained how any acts of Defendants prevented it from doing so. The claims against Defendants Civic and Fay are also deficient because they allege that these Defendants "fail[ed] to act in a legal and reasonable manner," which is too vague to state a claim. And it is unclear whether the Complaint is alleging that both Defendants Civic and Fay made misrepresentations about what was owed. *See* Compl. ¶ 98.

Finally, Plaintiff's reference to statements that were "insulting, degrading and age discriminating in nature," *see id.*, fails to state a claim. First, Plaintiff is a business, not an individual. As noted above, it appears that the Complaint fails to distinguish between Plaintiff and individual members of Plaintiff who are natural persons. Second, making insulting remarks

does not on its own constitute a breach of the contractual obligation of good faith. The Court cannot determine whether the statements are relevant to the claim because the Complaint does not explain who made the insulting or discriminatory statements, to whom they were made, or how the statements support a claim for breach of the obligation of good faith. Plaintiff has failed to state a claim for breach of the obligation of good faith and fair dealing.

## III.    Leave to Amend

A party may amend its pleading once as a matter of course or, thereafter, "only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." *Id.* However, the court need not grant leave to amend if the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (internal quotation omitted). Amendment is futile "only if no set of facts can be proved . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

The Court concludes that Plaintiff should not be granted leave to amend its claims under the FDCPA because the statute does not apply to Plaintiff's loan, so amendment would be futile. Amendment of the conversion claim based on interference with real property rights would also be futile because conversion claims do not cover interference with real property rights. Amendment of the claims for fraud and breach of the obligation of good faith would not necessarily be futile. The Court therefore grants Plaintiff leave to amend those claims if it can in

good faith allege facts remedying the defects in those claims. In submitting an amended complaint, Plaintiff should explain the identity of individuals referenced in the complaint.

## CONCLUSION

Defendant's Motion to Dismiss [7] is GRANTED. Plaintiff may submit an amended complaint consistent with this Opinion and Order within 14 days.

IT IS SO ORDERED.


DATED:_____May 15, 2024_____.



MARCO A. HERNÁNDEZ
United States District Judge